UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>CHRISTOPHER SCOTT MILLER,<br><br>        Defendant. | Case No.:  19cr2460  WQH<br><br>**ORDER** |

HAYES, Judge,

  The matter before the Court is the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (compassionate release) (ECF No. 75).

**FACTS**

  On January 10, 2020, this court sentenced Defendant to 40 months in the custody of the Bureau of Prisons for possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  (ECF No. 43).

  On March 4, 2021, Defendant filed a motion for reduction in sentence under 18 U.S.C. §3582(c)(1)(A) based upon his medical condition and the COVID-19 pandemic. (ECF No. 50).

  On April 15, 2021, Defendant filed a supplemental motion for sentence reduction. Defendant asserted that his mental health issues, history of smoking, and high blood pressure along with his prior Covid-19 infection present an extraordinary and compelling

circumstance warranting his compassionate release. (ECF No. 53) Plaintiff United States opposed release of the Defendant under § 3582(c)(1)(A).

On June 2, 2021, this Court entered and order denying the motion for compassionate release and the supplemental motion for compassionate release. (ECF No. 69). The Court concluded that Defendant did not present evidence to support any medical condition that would serve as extraordinary and compelling reasons for his release and that the sentencing factors under 18 U.S.C. § 3553(a) continue to support the sentencing imposed.

On December 20, 2021, the Court of Appeals for the Ninth Circuit summarily affirmed the order denying Defendant's motion for compassionate release. (ECF No. 73).

On January 20, 2022, Defendant filed a second motion for reduction in sentence under 18 U.S.C. §3582(c)(1)(A) to time served. Defendant asserts that the COVID-19 pandemic remains a grave public health risk to inmates and that his incarceration at FCI Terminal Island violates the Eighth Amendment to the United States Constitution. Plaintiff United States continues to oppose the reduction of Defendant's sentence under § 3582(c)(1)(A). Plaintiff United States contends that Defendant and the majority of inmates at FCI Terminal Island have been vaccinated against Covid-19, and that there are no active COVID-19 cases among inmates at FCI Terminal Island.

## RULING OF THE COURT

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). However, a narrow exception in § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). These provisions are not a limitation on the Court's ability to determine whether a defendant has presented

extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, the Court applied the sentencing factors under 18 U.S.C. § 3553(a), departed downward from the guidelines, and sentenced to 40 months in the custody of the Bureau of Prisons and ten years of supervised release. The Court found that this sentence was necessary "to protect the public from further crimes of the defendant" and "to afford deterrence to criminal conduct." 18 U.S.C. §3553(a). The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed in light of the significant downward departure from the guideline range and the seriousness of the offense. Defendant has recovered from Covid-19, and has received the vaccination to protect him from a reinfection with Covid-19. As of April 7, 2022, there are no inmates currently infected at FCI Terminal Island. www.bop.gov/coronavirus/. The evidence in this record does not support a finding that "extraordinary and compelling reasons" warrant a reduction of Defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In addition, application of the § 3553(a) factors weigh against reducing Defendant's sentence to time-served.[1]

IT IS HEREBY ORDERED that the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 75) is denied.

Dated: April 11, 2022

Hon. William Q. Hayes
United States District Court

---

[1] 18 U.S.C. § 3582 does not provide any basis for a constitutional challenge.