UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHRISTOPHER SCOTT MILLER, Defendant. | Case No.: 19cr2460 WQH **ORDER** |

HAYES, Judge,

The matter before the Court is the motion for reconsideration. (ECF No. 80).

**FACTS**

On January 10, 2020, this court sentenced Defendant to 40 months in the custody of the Bureau of Prisons for possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). (ECF No. 43).

On March 4, 2021, Defendant filed a motion for reduction in sentence under 18 U.S.C. §3582(c)(1)(A) based upon his medical condition and the COVID-19 pandemic. (ECF No. 50).

On April 15, 2021, Defendant filed a supplemental motion for sentence reduction. Defendant asserted that his mental health issues, history of smoking, and high blood pressure along with his prior COVID-19 infection present an extraordinary and compelling

circumstance warranting his compassionate release. (ECF No. 53) Plaintiff United States opposed release of the Defendant under § 3582(c)(1)(A).

On June 2, 2021, this Court entered an order denying the motion for compassionate release and the supplemental motion for compassionate release. (ECF No. 69). The Court concluded that Defendant did not present evidence to support any medical condition that would serve as extraordinary and compelling reasons for his release and that the sentencing factors under 18 U.S.C. § 3553(a) continue to support the sentencing imposed.

On December 20, 2021, the Court of Appeals for the Ninth Circuit summarily affirmed the order denying Defendant's motion for compassionate release. (ECF No. 73).

On January 20, 2022, Defendant filed a second motion for reduction in sentence under 18 U.S.C. §3582(c)(1)(A) to time served. (ECF No. 75). Defendant asserted that the COVID-19 pandemic remains a grave public health risk to inmates and that his incarceration at FCI Terminal Island violates the Eighth Amendment to the United States Constitution. Plaintiff United States continued to oppose the reduction of Defendant's sentence under § 3582(c)(1)(A). Plaintiff United States contended that Defendant and the majority of inmates at FCI Terminal Island have been vaccinated against COVID-19, and that there are no active COVID-19 cases among inmates at FCI Terminal Island.

On April 4, 2022, this Court entered an order denying the second motion for compassionate release. (ECF No. 79). The Court concluded that the evidence in this record did not support a finding that "extraordinary and compelling reasons" warrant a reduction of Defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

On April 28, 2022, Defendant filed a motion for reconsideration. (ECF No. 80). Defendant asserts that defendants in other cases have received a departure at the time of sentencing in light of COVID-19. Defendant requests that the Court reduce his sentence to time served to account for reduced sentences in these other cases. Plaintiff United States opposes any reduction on the grounds that Defendant raises no facts or circumstances regarding his case that warrant reconsideration.

# RULING OF THE COURT

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). A narrow exception in § 3582(c)(1)(A) provides for a reduction in a final sentence when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). After considering the factors set forth in §3553(a), the Court concludes that Defendant does not present any new or additional facts regarding his circumstances that would support reconsideration. In this case, the Court applied the sentencing factors under 18 U.S.C. § 3553(a), departed downward from the guidelines, and sentenced to 40 months in the custody of the Bureau of Prisons and ten years of supervised release. All of the sentencing factors under 18 U.S.C. §3553(a) continue to support the sentence imposed in light of the significant downward departure from the guideline range and the seriousness of the offense.

IT IS HEREBY ORDERED that the motion for reconsideration (ECF No. 80) is denied.

Dated: June 2, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court